**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLOW BEVERAGES INC., | |
| Plaintiff, | |
| v. | C.A. No. _____ |
| SMART BOOKS NOW INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Flow Beverages Inc. ("Flow Beverages" or "Plaintiff"), by and through its undersigned counsel, brings this action for trademark infringement, counterfeiting, false designation of origin, unfair competition, and false advertising under federal and Delaware common law, dilution in violation of 6 Del. C. § 3301, *et seq.*, unfair competition under the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 by Defendant Smart Books Now Inc. ("Smart Books Now" or "Defendant"), and seeks a declaratory relief in the form of a judgment finding that Flow Beverages has not committed defamation, trade libel, or tortious interference with business relations against Defendant Smart Books Now Inc. and alleges as follows:

## INTRODUCTION

1.      This is a trademark infringement case filed to protect unsuspecting consumers from consuming a branded product that has not been maintained according to the brand standards consumers would expect.

2.      For almost a decade, Flow Beverages has been dedicated to providing sustainable hydration.  As a Certified B Corporation, Flow meets the highest social and environmental standards, by using recyclable and renewable packaging to deliver naturally alkaline spring water and flavored waters.  Flow Beverages brings this action to prevent continued sale of counterfeit

and materially different bottled water sold by Defendant on Amazon.com online marketplace ("Amazon").

3.      Flow Beverages learned that Defendant, through its Amazon store, was selling infringing and inferior bottled water masquerading as genuine FLOW brand alkaline spring water when it is not.  More troublingly, after conducting a series of test purchases of Smart Books Now FLOW-branded water, Flow Beverages learned that Defendant's products sold on Amazon are non-genuine, counterfeit products that materially differ from the bottled water Flow Beverages authorizes for sale in the United States.

4.      Flow Beverages brings these claims for federal and common law trademark infringement, counterfeiting, false designation of origin, unfair competition, and false advertising arising from Defendant's unlawful marketing and sale of FLOW alkaline spring water, including, but not limited to, within this District.  These claims arise from Defendant's misappropriation of Flow Beverages' trademarks in conjunction with its unlawful and unauthorized sale of non-genuine, materially different products bearing Flow Beverages' FLOW trademarks.  Flow Beverage also seeks a declaration finding it not liable for Defendant's unfounded assertions that Flow Beverages has defamed or committed trade libel against Defendant, and that Flow Beverage has not tortiously interfered with Defendant's business relationships.

## PARTIES

5.      Flow Beverages Inc. is a company organized and existing under the laws of Delaware, with its principal place of business at 2035 Sunset Lake Road, Suite B-2, Newark, Delaware 19702.

6.      Defendant is a company existing under the laws of the State of New York, with a principal place of business at 1721 East 29th St., Brooklyn, New York 11229.

7.      Upon information and belief, Defendant operates an Amazon storefront under the name "smartbooksnow."

## JURISDICTION AND VENUE

8.    This is an action for trademark infringement and counterfeiting under 15 U.S.C. §
1114(1), trademark infringement, false designation of origin, and unfair competition under 15
U.S.C. § 1125(a), and false advertising under 15 U.S.C. § 1125(a), unfair competition under the
common law of Delaware, trademark dilution under Delaware Trademark Act, 6 Del. C. § 3313,
*et seq.*, deceptive trade practices under Delaware's Deceptive Trade Practices Act, 6 Del. C. §
2532, et seq., and common-law trademark infringement and unfair competition.

9.    This Court has personal jurisdiction over Defendant because: Smart Books Now
regularly transacts business in Delaware, including by offering and promoting its products on
Amazon where they are available for sale; upon information and belief, Defendant, through its
Amazon product listings, regularly solicits business from individuals within this District;
Defendant has reached out to Flow Beverages, a Delaware resident, threatening litigation
alleging Flow Beverages committed intentionally tortious conduct in this District, and;
Defendant's actions and omissions have caused injury to Flow Beverage and its intellectual
property rights, which are located in this District.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant
has committed tortious conduct within this District since the events or omissions giving rise to
the claims occurred, in part, in the District of Delaware.

11.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §
1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

12.    The Court has subject matter jurisdiction over Flow Beverages' declaratory relief
claims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 because
an actual controversy exists within this District concerning Defendant's allegations that Flow

Beverages has engaged in defamation, trade libel, and tortious interference with business relations.

13.    This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) over these claims because the parties are citizens of different states and the amount in controversy exceeds $75,000.

14.    This Court has supplemental jurisdiction over Flow Beverages' Delaware common law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

## FACTUAL ALLEGATIONS

**Flow Beverages' Valuable Water and FLOW Marks**

15.    Founded in 2015, Flow Beverages has revolutionized the bottled water industry by packaging its water in sustainable cartons.



16.    Flow Beverages sells 100% naturally alkaline spring water sourced from artesian springs, flavored water, and vitamin water, depicted below.



17.     Flow Beverages is committed to providing its customers with an authentic taste, in the form of pristinely sourced water with a high pH level.  The elevated pH level makes the water higher in electrolytes and minerals, which tastes great and boosts hydration.

18.     Given Flow Beverages' size, prominence, reputation and long-standing use of the FLOW name and mark, the FLOW marks are widely recognized and well known among the relevant consuming public.

19.     Flow Beverages is the owner of the following United States trademark registrations for its FLOW and FLOW-derivative marks:

| Trademark | Registration Date | Full Goods/Services |
| --- | --- | --- |
| FIND YOUR FLOW<br>Reg. No.: 5281713 | September 5, 2017 | Class: 32<br>Drinking water<br>Class: 39<br>Distribution services, namely, delivery of cartons of water |
| FLOW (Stylized)<br><br>**FLOW**<br><br>Reg. No.: 3870219 | Nov. 02, 2010<br><br>*Notice of Acceptance of Section 71 Jul. 29, 2020 | Class: 32<br>Beverages, namely, mineral water |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| FLOW<br>Reg. No.: 5816345 | July 30, 2019 | Class: 32<br>Drinking water<br>Class: 39<br>Distribution services, namely, delivery of cartons of water |
| FLOW GLOW<br>Reg. No.: 6821351 | August 16, 2022 | Class: 32<br>non-alcoholic functional beverages, namely, energy drinks; non-alcoholic functional beverages, namely, beverages infused or flavored with herbs; non-alcoholic functional beverages, namely, sports drinks containing electrolytes; drinking water infused with or containing plant extracts; water beverages infused with or containing plant extracts; non-alcoholic beverages infused with or containing plant extracts; non-alcoholic functional beverages, namely, sports drinks enhanced with vitamins; non-alcoholic functional beverages, namely, energy drinks enhanced with minerals; non-alcoholic functional beverages, namely, protein-enriched sports beverages; non-alcoholic functional beverages, namely, energy drinks enhanced with nutraceuticals |
| FLOW GO<br>Reg. No.: 6821350 | August 16, 2022 | Class: 32<br>non-alcoholic functional beverages, namely, energy drinks; non-alcoholic functional beverages, namely, beverages infused or flavored with herbs; non-alcoholic functional beverages, namely, sports drinks containing electrolytes; drinking water infused with or containing plant extracts; water beverages infused with or containing plant extracts; non-alcoholic beverages infused with or containing plant extracts; non-alcoholic functional beverages, namely, sports drinks enhanced with vitamins; non-alcoholic functional beverages, namely, energy drinks enhanced with minerals; non-alcoholic functional beverages, namely, protein-enriched sports beverages; non-alcoholic functional beverages, namely, energy drinks enhanced with nutraceuticals |

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| FLOW INFUSED Reg. No.: 6821338 | August 16, 2022 | Class: 32 Drinking water infused with or containing plant extracts; water beverages infused with or containing plant extracts; non-alcoholic beverages infused with or containing plant extracts |

20.     True and correct copies of the U.S. Trademark Registration Certificates for the FLOW marks are attached hereto as **Exhibit 1**.

21.     Flow Beverages' registrations referenced above are valid and subsisting, in full force and effect, and constitute *prima facie* evidence of Flow Beverages' exclusive right to use the Flow Marks in commerce in the United States in connection with the goods specified in the registrations.

22.     In addition to rights from the above registrations of Flow Beverages' marks, Flow Beverages has valid common law rights in FLOW and FLOW-derivative trademarks, which date back to at least as early as 2016 (collectively, the "FLOW Marks").

23.     Flow Beverages has extensively advertised, promoted, and offered its drinking water and water-related beverage products and has created widespread goodwill under its FLOW Marks throughout the United States, including in this District.  The FLOW Marks are a valuable asset of Flow Beverages and serve as a principal symbol of Flow Beverages' extensive goodwill. Because of the widespread and long-standing advertising and distribution of Flow Beverages' goods and services bearing its marks, the trade and purchasing public have come to recognize the FLOW Marks as signifying Flow Beverages and as identifying Flow Beverages as the source of goods and services provided under the FLOW Marks.

24.     As a result of Flow Beverages' extensive and continuous use and promotion of the FLOW Marks, the FLOW Marks are widely recognized and have acquired substantial value

as specific identifiers of the source of quality products and serve to identify and distinguish the FLOW products from those of others.

25.     A trademark is a promise to consumers that the product will meet with certain quality standards that consumers have come to expect from genuine products.  This is particularly important here, where Flow Beverages' product is a beverage, consumed by millions of consumers every year.

26.     Flow Beverages has also implemented quality controls that are essential in protecting the integrity, safety, and quality of the Flow Beverages products and the Flow Beverages' intellectual property.  These measures ensure that Flow Beverages' pure, naturally alkaline spring water meets its exacting standards for product safety and exceptional taste, and arrives to the customer unadulterated and undamaged.

27.     For example, Flow Beverages never ships its bottles individually or loosely. Individual FLOW branded water can be purchased individually at certain physical locations, but are never shipped to retail customers or customers in loose packages.

28.     Instead, Flow Beverages ships its bottled water in corrugated cartons designed to protect the individual FLOW bottles from damage while still prioritizing sustainable and recyclable packaging.  Flow Beverages corrugated cartons prominently feature its FLOW Marks.







29.     Additionally, every individual FLOW water bottle, whether unflavored, flavored, or vitamin water, bears a lot code number and best by date marked on the white cap.  The lot code designation is required by U.S. federal food safety legislation to provide traceability.  The best by date is required and expected by Flow Beverage's distributors and retail clients.  Flow Brands does not sell FLOW water of any kind without a lot code number or best by date.

30.     Due to the health and safety risks, as well as customer and reputational concerns, associated with the illegal and unauthorized sale of products bearing the FLOW Marks by unauthorized sellers, Flow Beverages carefully polices the sale of such products and the use of the FLOW Marks online.

**Defendant's Infringing Conduct**

31.     Upon information and belief, Defendant operates an Amazon storefront with the name: Smart Books Now, Inc. or "smartbooksnow."

32.     Defendant sells a wide variety of third-party consumer household items, including but not limited to, bottled water, toilet paper, energy drinks, soda, and home cleaning products.

33.     Upon information and belief, the Flow branded waters sold by Defendant are not genuine.  Rather, they are counterfeit and/or materially different than the authentic products Flow Beverages sells.

34.     In or about August or early September 2023, Flow Beverages noticed irregularities with the sales of its beverages bearing FLOW Marks on Amazon, including price disruption for the sale of its 330ml products.

35.     On or about September 8, 2023, Flow Beverages learned that Smartbooksnow was marketing and selling FLOW-branded water on Amazon.

36.     On or about September 22, 2023 and October 3, 2023, Flow Beverages made several test purchases of Smart Books Now's FLOW-branded water.  True and correct excerpts from Flow Beverages' Amazon orders and purchase confirmations are included below:

*First Test Purchase*



| | | |
|---|---|---|
| | 1 | Flow Alkaline Spring Water - Refreshing Taste Of Natural Alkaline Water With Natural Electrolytes, Eco-Friendly Packaging, Non-GMO And BPA-Free. Unflavored. 24 Pack of 11.1 FL Bottles<br>ASIN: B083TMVLZP |



| | | |
|---|---|---|
| | 1 | Flow Alkaline Spring Water - Refreshing Taste Of Natural Alkaline Water With Natural Electrolytes, Eco-Friendly Packaging, Non-GMO And BPA-Free. Unflavored. 12 Pack of 16.9 FL Bottles<br>ASIN: B0735VHDCV |



ORDER PLACED
Sep 22, 2023 4:03 PM EST

ORDER # 112-7159299-8989841

Flow Alkaline Spring Water - Refreshing Taste Of Natural Alkaline Water With Natural Electrolytes, Eco-Friendly Packaging, Non-GMO And BPA-Free. Unflavored. 24 Pack of 11.1 FL Bottles
Date Shipped: Sep 24, 2023 2:04 PM EST

Order Details

*Second Test Purchase*

**Order Placed:** October 3, 2023
**Amazon.com order number:** 111-7145336-3493866
**Order Total:** USD 45.49

| Shipped on October 3, 2023 | |
|---|---|
| **Items Ordered** | **Price** |
| 1 of: *Flow Alkaline Spring Water - Refreshing Taste Of Natural Alkaline Water With Natural Electrolytes, Eco-Friendly Packaging, Non-GMO And BPA-Free. Unflavored. 12 Pack of 16.9 FL Bottles*<br>Sold by: smartbooksnow (seller profile)<br>Supplied by: Other<br>Condition: New | $19.99 |
| 1 of: *Flow Alkaline Spring Water -Strawberry and Rose Flavored Naturally Alkaline Water With Electrolytes And Essential Minerals - Eco-Friendly Pack, BPA-Free, Non-GMO. 12 Pack of 16.9 FL Bottles*<br>Sold by: smartbooksnow (seller profile)<br>Supplied by: Other<br>Condition: New | $21.99 |

*Third Test Purchase*

**Order Placed:** October 3, 2023
**Amazon.com order number:** 111-7145336-3493866
**Order Total:** USD 45.49

| Shipped on October 3, 2023 | |
| --- | --- |
| **Items Ordered** | **Price** |
| 1 of: *Flow Alkaline Spring Water - Refreshing Taste Of Natural Alkaline Water With Natural Electrolytes, Eco-Friendly Packaging, Non-GMO And BPA-Free. Unflavored. 12 Pack of 16.9 FL Bottles*<br>Sold by: smartbooksnow (seller profile)<br>Supplied by: Other<br><br>Condition: New | $19.99 |
| 1 of: *Flow Alkaline Spring Water -Strawberry and Rose Flavored Naturally Alkaline Water With Electrolytes And Essential Minerals - Eco-Friendly Pack, BPA-Free, Non-GMO. 12 Pack of 16.9 FL Bottles*<br>Sold by: smartbooksnow (seller profile)<br>Supplied by: Other<br><br>Condition: New | $21.99 |

37.     Specifically, Flow beverages purchased from Smart Books Now: Strawberry and Rose flavored water and Original unflavored water.

38.     Between October 4 and October 12, 2023, Flow Beverages received the test purchases.

39.     The first test purchase arrived in a cardboard box with bubble wrap, rather than Flow Beverage's branded corrugated product packaging.



40.     Upon inspecting the first test purchase, Flow Beverages determined that the products do not bear expiration dates or lot numbers.  As a result, the FLOW-branded products sold by Smart Books Now are not genuine FLOW products and are materially different from the products that Flow Beverages authorizes for sale in the United States.  Additionally, the bottles contained in the first test purchase were damaged.

 

41.     The second test purchase arrived in corrugated packaging not used by Flow Beverages for beverages authorized for sale in the United States.  The corrugated product packaging was marked for the European Union with numbers and dates that do not correspond to products approved by Flow Beverages for sale in the United States (or anywhere else).  Like the first test purchase, none of the FLOW-branded water bottles bore lot numbers or expiration dates, and, therefore, are not genuine FLOW products and are materially different from FLOW brand bottled water authorized for sale in the United States.



42.     The third test purchase arrived in corrugated packaging not used by Flow

Beverages for beverages authorized for sale in the United States.  The corrugated product

packaging was marked for the European Union with numbers and dates that do not correspond to

products approved by Flow Beverages for sale in the United States.  None of the FLOW-branded

water bottles in the third test purchase bore lot numbers or expiration dates, and, therefore, are

not genuine FLOW products and are materially different from FLOW brand bottled water

authorized for sale in the United States.



43.     Defendant has never been approved of, endorsed by, or authorized by Flow Beverages to manufacture, distribute, market, offer for sale, and/or sell merchandise bearing the FLOW Marks, or any variation thereof.

44.     Upon information and belief, Defendant knew that the FLOW-branded products it sold were not genuine, or, at a minimum, were willfully blind to and/or recklessly disregarded Flow Beverage's rights in the FLOW Marks.

45.     Defendant's unauthorized sale of non-genuine and/or materially different bottled water bearing identical and substantially indistinguishable trademarks to the FLOW Marks causes unavoidable and inevitable consumer confusion regarding the source of Defendant's products.

46.     Additionally, by selling and offering for sale non-genuine and materially different FLOW branded water products, Defendant creates the false claim and impression that its products are genuine, authorized FLOW spring water.  Defendant's literally false and/or

materially misleading statements (*i.e.*, that its products are genuine) on its Amazon product page have caused, and if not enjoined, will continue to cause actual and irreparable harm to Flow Beverages and the public.  Defendant's false claims concern inherent qualities and characteristics of the bottled water, including that the product sold is genuine and does not contain material differences from FLOW-brand water authorized for sale in the United States.

47.     Defendant's introduction of non-genuine, materially different FLOW bottled water products into the marketplace reflects negatively on Flow Beverages, results in reputational injury, economic loss to Flow Beverages, including loss of sales of genuine Flow products, damages the goodwill of the FLOW brand, and thwarts and harms Flow Beverages' honest efforts and considerable expenditure to promote genuine Flow water products using the FLOW Marks.

48.     Additionally, Flow Beverages has no ability to ensure that the quality control measures it takes to deliver high-quality spring water are maintained by Defendant.  This loss control over the nature, quality, or pricing, and marketing Defendant's products negatively impacts Flow Beverages and its hard-earned reputation.

49.     The likelihood of reputational harm is not theoretical.  Defendant's Amazon listings are flooded with one-star reviews, with 34% of its lifetime 1,103 ratings, being one star. In fact, Amazon gives the smartbooksnow storefront an overall 49% positive rating in the last 12 months based on over 800 consumer ratings.



50. Along with a multitude of complaints that Defendant does not deliver the products that customers have paid for (*e.g.*, customers purchased 24 bottles but only received 19) much more concerningly, Defendant's one-star reviews are also filled with statements that the products sold were "[not] as pictured", "expired", "not in the original packaging", or "not as advertised", along with numerous other complaints.

51. One purchaser of bottled water sold by Defendant, questioned the product's authenticity in a one-star review.  The reviewer was so troubled by the taste that they tested the pH of the purchased water.



52. Negative reviews, like the ones Defendant routinely receives, injure consumer perception of Flow Beverages' quality and reputation, and cause Flow Beverages to suffer

damages in the form of a loss of goodwill and lowered sales, particularly because the consumer believes that any dissatisfaction with the product is attributable to Flow Beverages when it is not.

53.     After becoming aware of Defendant's infringing activies, Flow Beverages took appropriate and necessary action against Defendant's listings featuring purported FLOW products, and submitted takedowns through Amazon's approved channels based on its reasonable, good-faith belief that Defendant's FLOW brand products are not genuine and are materially different from Flow Beverages bottled spring water authorized for sale in the United States.  Amazon responded and removed the listings.

54.     Following the succesful takedowns, Defendant informed Flow Beverages that Defendant intended to file a lawsuit against Flow Beverages alleging defamation, trade libel, and tortious interference with business relations and seeking a declaratory judgment that Defendant has not infringed the FLOW Marks.

55.     The takedown requests submitted by Flow Beverages through Amazon were appropriate, valid, and necessary to protect Flow Beverages and the consuming public, from Defendant's sale of non-genuine, materially different water products bearing the FLOW Marks.

56.     When products that have material differences, such as those sold by Defendant, the promise of quality and consistent experience to consumers instilled in and symbolized by Flow Beverages' FLOW Marks is broken.  If, after having a negative experience with Defendant's non-genuine and materially different products, a consumer gets sick, dislikes the taste, or receives damaged or defective products, their trust in Flow Beverages is diminished or lost entirely, causing irreparable harm to Flow Beverages.  Following a negative experience, consumers may never purchase Flow spring water again.

57.     As a direct result of Defendant's actions, Flow Beverages has suffered, and will continue to suffer, irreparable harm as a result of Defendant's actions, including, but not limited to, irreprable harm to its repuation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

58.     Flow Beverages is entitled to injunctive relief because, unless enjoined by this Court, Defendant will continue to unlawfully sell non-genuine, materially different products bearing the FLOW Marks, causing continued irreparable harm to Flow Beverages' goodwill, relationships, intellectual property, and brand integrity.

59.     Defendant's conduct was and is knowing, reckless, intentional, and willful.

60.     Unless enjoined from doing so, Defendant will continue to harm Flow Beverages' goodwill, relationships, intellectual property, and brand integrity.

## COUNT I
## Trademark Counterfeiting Under 15 U.S.C. § 1114(1)

61.     Flow Beverages hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

62.     Without Flow Beverages' consent, Defendant used and continues to use in commerce, reproductions, substantially indistinguishable variations, counterfeits, copies, and colorable immitations of Flow Beverages' registered FLOW Marks in connection with the offering, distribution, sale and/or advertising of goods, which is likely to cause confusion, mistake, or to decieve, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

63.     Defendant's activites described above have, at all times, been willful and/or knowing.

64.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

## COUNT II
## Trademark Infringement Under 15 U.S.C. § 1114

65.     Flow Beverages hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

66.     Flow Beverages owns valid United States federal trademark registrations for its FLOW Marks.

67.     Without Flow Beverages' consent, Defendant used and continues to use in commerce, reproductions, copies, and colorable immitations of Flow Beverages' registered FLOW Marks in connection with the offering, distribution, sale and/or advertising of goods, which is likely to cause confusion, mistake, or to decieve, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

68.     Defendant's activites described above have, at all times, been willful and/or knowing.

69.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

70.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Flow Beverages to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III
## Trademark Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a)

71.     Flow Beverages hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

72.     Defendant's actions, as described above, including its use of the FLOW Marks constitutes use in commerce of a word, term, name, symbol, or device, or combination thereof,

and a false designation of origin that is likely to cause confusion or mistake in the public mind or to deceive the public, as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Flow Beverages, and therefore constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of 15 U.S.C. § 1125(a)..

73.     Defendant had actual or constructive knowledge of Flow Beverages' ownership of the FLOW Marks, and Defendant is committing the foregoing acts with full knowledge that it is infringing upon Flow Beverages' rights.  As a result, Defendant's activities described above have, at all times, been willful and/or knowing.

74.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

75.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Flow Beverages to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV
## False Advertising in Violation of Federal Law Under 15 U.S.C. § 1125(a)(1)(B)

76.     Flow Beverages hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

77.     Defendant's actions, as described above, constitute literally false and/or materially misleading descriptions and deceptive misrepresentation of facts in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Defendant's products and/or Flow Beverages' products in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

78.     Defendant's activities described above have, at all times, been willful and/or knowing.

79.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

## COUNT V
## Trademark Dilution Under 6 Del. C. § 3313

80.     Flow Beverages hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

81.     Before Defendant commenced use, the FLOW Marks were distinctive and uniquely associated with Flow Beverages in the minds of consumers based on Flow Beverages' extensive use, significant commerical success, and promotion of the FLOW Marks, including in this District.

82.     Defendant's actions, as described above, including by offering non-genuine and materially different products bearing the FLOW Marks, are likely to dilute the distinctive quality and tarnish Flow Beverages's reputation and goodwill in the FLOW Marks in violation of 6 Del. C. § 3301, *et seq.* (the "Delaware Trademark Act").

83.     The above-described acts of Defendant constitute trademark dilution in violation of the Delaware Trademark Act, specifically Section 3313 of the Delaware Trademark Act.

84.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

## COUNT VI
## Unfair Competition Under 6 Del. C. § 2532

85.     Flow Beverages hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

86.     As described above, Defendant has infringed Flow Beverages' FLOW Marks in violation of Flow Beverages' proprietary rights, and has engaged in unfair, deceptive, untrue, and/or misleading advertising.  Such acts constitute unfair trade practices, false advertising, and unfair competition under the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531, *et seq.*, specifically 6 Del. C. § 2532.

87.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

### COUNT VII
### Common Law Trademark Infringement, Unfair Competition, and Misappropriation

88.     Flow Beverages incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

89.     Defendant's actions complained of herein constitute trademark infringement in violation of Delaware common law.  Defendant has infringed Flow Beverages' FLOW Marks in violation of Flow Beverages' proprietary rights and has engaged in false and misleading advertising.  Such acts constitute trademark infringement, unfair trade practices and unfair competition under the common law.

90.     Defendant's activities described above have, at all times, been willful and/or knowing.

91.     As a direct and proximate result of Defendant's actions described above, Flow Beverages has been damaged and will continue to be damaged if not enjoined.

### COUNT VIII
### DECLARATORY JUDGMENT OF NO DEFAMATION

92.     Flow Beverages incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

93.     As described above, Flow Beverages' actions have, at all times, been made in and upon the good-faith, reasonable belief that Defendant has engaged in the unauthorized sale of non-genuine and materially different bottled water bearing the FLOW Marks.

94.     Flow Beverages has not made false statements that would give rise to a claim for defamation.

95.     Plaintiff's claims to Amazon concerning Defendant's sale of FLOW brand products are privileged, pre-litigation and/or quasi-litigation statements relating and made to achieve the objects of the litigation and/or quasi-litigation.

96.     Defendant has not incurred any harm or damage as a result of Flow Beverages' conduct, including because Flow Beverages' claims are true and Defendant has no cognizable injury in the continued sale of infringing, non-genuine, and materially different FLOW-branded products.

97.     As a result of the acts described in the foregoing paragraphs, there exists an actual controversy of sufficient immediacy to create a real and justiciable claim.

98.     Flow Beverages is entitled to a declaratory judgment that it has not engaged in defamation.

## COUNT IX
## DECLARATORY JUDGMENT OF NO TRADE LIBEL

99.     Flow Beverages incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

100.     As described above, Flow Beverages' actions have, at all times, been made in and upon the good-faith, reasonable belief that Defendant has engaged in the unauthorized sale of non-genuine and materially different bottled water bearing the FLOW Marks.

101.     Flow Beverages has not made false statements that would give rise to a claim for trade libel.

102.     Flow Beverages' claims to Amazon concerning Defendant's sale of FLOW brand products are privileged pre-litigation and/or quasi-litigation statements relating and made to achieve the objects of the litigation and/or quasi-litigation.

103.     Defendant has not incurred any harm or damage a result of Flow Beverages' conduct, including because Flow Beverages' claims are true and Defendant has no cognizable injury in the continued sale of infringing, non-genuine, and materially different FLOW-branded products.

104.     As a result of the acts described in the foregoing paragraphs, there exists an actual controversy of sufficient immediacy to create a real and justiciable claim.

105.     Flow Beverages is entitled to a declaratory judgment that is has not engaged in trade libel against Defendant.

## COUNT X
## DECLATATORY JUDGMENT OF NO TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

106.     Flow Beverages incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

107.     As described above, Flow Beverages' actions have, at all times, been made in and upon the good-faith, reasonable belief that Defendant has engaged in the unauthorized sale of non-genuine and materially different bottled water bearing the FLOW Marks.

108.     Flow Beverages has not tortiously interfered with or disrupted Defendant's business relationship.

109.     Defendant has not lost or breached any relevant contractual relationships as a result of Flow Beverages' actions.

110.     Flow Beverages' claims to Amazon concerning Defendant's sale of FLOW brand products are privileged pre-litigation and/or quasi-litigation statements relating and made to achieve the objects of the litigation and/or quasi-litigation.

111.     Defendant has not incurred any harm or damage a result of Flow Beverages' conduct, including because Flow Beverages' claims are true and Defendant has no cognizable injury in the continued sale of infringing, non-genuine, and materially different FLOW-branded products.

112.     As a result of the acts described in the foregoing paragraphs, there exists an actual controversy of sufficient immediacy to create a real and justiciable claim.

113.     Plaintiff is entitled to a declaratory judgment that it has not engaged in tortious interference with business relations.

## **JURY DEMAND**

Flow Beverages respectfully demands a trial by jury on all issues properly triable by a jury in this action,

## **PRAYER FOR RELIEF**

WHEREFORE, Flow Beverages prays that the Court enter judgment and declaratory relief in its favor on each and every claim for relief set forth above and award it relief including, but not limited to the following:

A.     An Order preliminarily and permanently enjoining and restraining Defendant, its officers, successors, agents, servants, employees, attorneys, and anyone acting in active concert or participation with any of them:

1. From using in any manner the FLOW Marks or any marks, names, trade dress, designs, symbols or devices that are identical, substantially indistinguishable from, confusingly similar to, dilutive of, or that may tarnish any of the FLOW Marks, including Defendant's non-genuine and materially different FLOW bottled water;

2. From passing off, falsely advertising, inducing or enabling others to sell or pass off any products as products produced by Flow Beverages, which are not in fact Flow Beverages' products, or which are materially different from Flow Beverages' products authorized to be sold in the United States, or otherwise not produced under the control and supervision of Flow Beverages and/or approved by Flow Beverages for advertising and sale under the FLOW Marks;

3. From committing any acts calculated to cause consumers to believe that Defendant's products are sold under the control or supervision of Flow Beverages, or that they are sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Flow Beverages when they are not;

4. From further diluting and infringing Flow Beverages' FLOW marks and damaging Flow Beverages' reputation and goodwill in the FLOW Marks;

5. From otherwise unfairly competing with Flow Beverages in any manner;

6. From shipping, delivering, transferring, or otherwise disposing of, in any manner, products or inventory which bear non-genuine or materially different products bearing the FLOW Marks or any mark confusingly

similar thereto or that is likely to dilute the distinctiveness of the FLOW

Marks; and

7.  From aiding, assisting, or abetting any other person or business entity

engaging in or performing any of the activities referred to in

subparagraphs A(1)-(6) above;

B.      An Order directing Defendant to withdraw and retract from the marketplace in the

United States all products, product packaging and displays, advertisements, commercials, and

other materials in connection with bottled water or other beverages, regardless of where those

materials are situated in the distribution chain (including, without limitation, affiliates, related

companies, agents, and retailers), that consist of, bear, or display Flow Beverages' FLOW

Marks, and/or any marks, names, trade dress, and designs that are confusingly similar to or likely

to dilute or tarnish the FLOW Marks (including, without limitation, Defendant's non-genuine

and materially different bottled water products bearing any of the FLOW Marks);

C.      An Order directing Defendant to destroy all products and materials that consist of,

bear, or display Flow Beverages' FLOW Marks on bottled water or other beverages or any other

unauthorized uses of the FLOW Marks, or any marks, names, trade dress, and designs that are

confusingly similar to or likely to dilute or tarnish such marks, in accordance with 15 U.S.C. §

1118 and other applicable laws;

D.      An Order directing Defendant to withdraw, retract, and/or destroy as applicable

all advertisements (including within online marketplaces such as Amazon), commercials, and

other materials containing: (1) any of the false or misleading statements complained of herein;

and (2) any false, misleading, or deceptive statements regarding Flow Beverages, Flow

Beverages' products, or Defendant's products bearing any of the FLOW Marks;

E.      An Order directing Defendant to file with this Court and serve on Flow Beverages' attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

F.      An Order requiring Defendant to pay statutory damages in accordance with 15 U.S.C. § 1117(c) of up to $2,000,000 per mark per type of product or service sold, offered for sale, or distributed by Defendant deemed to be counterfeits of Flow Beverages' FLOW Marks;

G.      An Order requiring Defendant to account for and to pay any and all profits arising from the foregoing acts of infringement, dilution, false designation of origin, false advertising, unfair competition, and an increasing of such profits for payment to Flow Beverages in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

H.      An Order requiring Defendant to pay Flow Beverages the cost for corrective advertising and/or to engage in corrective advertising in a manner directed by the Court;

I.      An Order requiring Defendant to pay compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, unfair competition, and trebling such compensatory damages for payment to Flow Beverages in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

J.      An Order declaring that Defendant's infringement was knowing, willful, and intentional;

K.      An Order requiring Defendant to pay Flow Beverages' costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117, and other applicable statutes and laws;

L.      An Order requiring Defendant to pay Flow Beverages punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendant pursuant to Delaware Trademark Act, 6 Del C. § 3314;

M.      An Order requiring Defendant to pay Flow Beverages punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendant pursuant to Delaware Deceptive Trade Practices Act, 6 Del C. § 2533;

N.      Restitutionary relief against Defendant and in favor of Flow Beverages, including disgorgement of wrongfully obtained profits and any other appropriate relief;

O.      A Declaration stating that:

1.  Flow Beverages has not defamed Defendant;

2.  Flow Beverages has not committed trade libel against Defendant; and

3.  Flow Beverages has not engaged in tortious interference with Defendant's business relationships;

P.      An Order requiring Defendant to pay the costs of suit and reasonable attorneys' fees to the extent not specified above; and

Q.      An Order awarding any other such relief the Court deems just and proper under any other applicable law, including without limitation all remedies provided for in 6 Del C. §§ 2501, 3301, *et seq.*

Dated: November 5, 2023

**OF COUNSEL:**                                              **DLA PIPER LLP (US)**

Gina Durham (*pro hac vice* forthcoming)          */s/ Stephanie O'Byrne*
Jordan Chisek (*pro hac vice* forthcoming)        Brian A. Biggs (DE Bar No. 5591)
**DLA PIPER LLP (US)**                              Stephanie O'Byrne (DE Bar No. 4446)
555 Mission Street                                  1201 North Market Street, Suite 2100
Suite 2400                                          Wilmington, DE 19801
San Francisco, CA 94105                             Telephone: (302) 468-5700
Telephone: 415.836.2506                             Facsimile: (302) 394-2341
gina.durham@us.dlapiper.com                         brian.biggs@us.dlapiper.com
jordan.chisek@us.dlapiper.com                       stephanie.obyrne@us.dlapiper.com

Jane W. Wise (pro hac vice forthcoming)           *Attorneys for Plaintiff Flow Beverages Inc.*
**DLA PIPER LLP (US)**
500 8th St NW
Suite 700
Washington, DC 20004
Telephone: 202.799.4149
jane.wise@us.dlapiper.com